Rollins, J.
This is an action of contract in which the plaintiff seeks to recover $150 for money had and received by the defendant to the plaintiff’s use. The defendant’s answer is a general denial and an allegation that the plaintiff made a written agreement with the defendant to the effect that he be allowed the amount set forth in the plaintiff’s declaration as a credit for any used car that the plaintiff should purchase from the defendant, but that the plaintiff had not lived up to this agreement and therefore the defendant owed the plaintiff nothing.
The trial judge filed lengthy “Findings of Fact and Rulings of Law”, the material parts of which are as follows: On December 31,1938 the plaintiff was the owner of a used Dodge automobile on which he still owed $97 of the purchase *331 price to David’s Inc. a finance company. The defendant was a dealer in used automobiles. On the above date the plaintiff delivered his Dodge to the defendant and the parties signed, on a form used by the defendant in selling his used automobiles, the following:
“A. H. CAYOUETTE
New Bedford, Mass. 12/31/38
I, Carl H. Johnson,
hereby purchase from you, used automobile as is, price-, terms and conditions to be as follows:
Date of Delivery Motor No..... Amounts
Serial No.....
Allowance on Dodge Coach, motor No. DP50890, serial No. 362370 ...........................$150.00
Balance due
REMARKS: If same car is not taken by above date deposit is forfeited. This automobile is sold as is, where is, and as shown. No guarantee as to year of car. This paper is merely an order and does not pass title. Bal. on Dodge Coach due David’s Inc. to be paid by Carl Johnson. ’ ’
Sometime after signing the above instrument the plaintiff notified the defendant he was financially unable to purchase an automobile from him and demanded the return of his Dodge. Before this the defendant had sold the Dodge for $145 after spending $28 in repairing it. Prior to the trial the plaintiff paid to David’s Inc. $80 leaving due on the purchase price of the Dodge the sum of $17. The Court also found “the original agreement executed between the plaintiff and the defendant was incomplete, indefinite and constituted no more than a mere memorandum.”
*332 The defendant filed 5 requests for rulings all of which were denied on the ground that they did not conform to the facts found. The Court found for the plaintiff in the amount of $117.
The first question to be decided is: Was the written instrument signed by the parties a valid, enforceable contract? If it was the plaintiff cannot recover because he has failed to perform his part of it. If it was not the plaintiff may recover in the form of action here brought. Devlin v. Houghton, 202 Mass. 75, 78.
In order to constitute a valid, enforceable contract, “the instrument relied upon must be found to state the essential terms of ,a contract, by which the parties intended to be bound, with such sufficient definiteness >am,d clarity that a court, by interpretation with the aid of existing and contemplated circumstances may enforce it.” Geo. W. Wilcox, Inc. v. Shell, etc. Products Inc., 283 Mass. 383, 388; Restatement of Law of Contracts, section 32.
If the instrument here in question be tested by the above rule, it falls short of being a valid, enforceable contract. Essential terms are not stated with sufficient definiteness and clarity. The thing to be sold is not defined except as a “used automobile”. The make, type, model, age and condition are none of them set forth. The price for which the “used automobile” is to be sold is not stated. While new automobiles may have a standard or fixed price, used ones do not. Their price depends not only on make, model and year of production, but also upon amount of prior use, mechanical condition and other factors.
A reasonable interpretation of the instrument in question is as follows: The plaintiff agrees, within a reasonable time, to select an automobile from among the used *333 cars which the defendant has for sale during such time, if there is one which suits him, and pay for the same a price which is reasonable and which he can afford to pay, and if he makes such selection is to be allowed, as a credit on the purchase price, the sum of $150 for his Dodge.
This is not an enforceable agreement.
The Court cannot possibly determine whether, within the “reasonable time”, the defendant had for sale a used automobile, which, by the terms of such agreement, the plaintiff was bound to buy and the defendant was bound to sell.
The defendant’s requests for rulings were properly denied.
In his brief, the defendant alleges the trial judge erred in fixing the plaintiff’s damages at $117, pointing out that it was found as a fact that the plaintiff still owed David’s Inc., the finance company, $17 on the purchase price of the Dodge, that this was not taken into consideration and consequently the damages should be only $100.
This contention may or may not be correct. The record is not sufficiently full for us to determine.
In any event the defendant made no request for rulings on this matter and we cannot review it. General Laws, Chapter 231, section 108. Rules of District Courts — Rule 34.
The entry must be
Report Dismissed.